UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KENNEDY JOHNSON SCHWAB       :    CASE NO.: 3:24-cv-1242
ROBERGE, P.C.,
                                   :
        Plaintiff,
                                     :
v.
                                     :
JOHN DOES 1 THROUGH 20
        Defendants.
                                     :    July 24, 2024

## **COMPLAINT**

Plaintiff, Kennedy Johnson Schwab & Roberge, P.C., brings this action against John Does 1 through 20 and in support thereof alleges as follows:

## **PARTIES**

1.     Plaintiff, Kennedy Johnson Schwab & Roberge, P.C. ("Plaintiff") is a Connecticut professional corporation, with a principal place of business at 555 Long Wharf Drive, 13th Floor, New Haven, Connecticut 06511.

2.     Plaintiff is a law firm specializing in personal injury, medical malpractice, and workers' compensation lawsuits.

3.     Plaintiff maintains an IOLTA account with Citizens Bank located in East Haven, Connecticut wherein it maintains funds received by adversarial parties, as well as client's funds.

4.     Non-party the United States Department of Veteran's Affairs, Office of the General Counsel (the "VA") is located at 810 Vermont Avenue, N.W., Washington, D.C. 20420.

5.     Defendants John Does 1 through 20 (the "John Doe Defendants") are third-party threat actors who transmitted a spoofed email to the VA in an effort to misdirect funds to their own bank account.

6.      Non-party Citizens Bank is a national financial corporation with headquarters in Providence, Rhode Island.

7.      Non-party Citibank, N.A., ("Citibank") is a subsidiary of financial services multinational group Citigroup, and maintains its headquarters in New York, New York.

8.      Non-party Citibank maintains branches in Norwalk, Connecticut and generally performs or otherwise solicits business within the state of Connecticut.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it is filed to obtain statutory, compensatory, and punitive damages for a violation of federal law, namely, the Electronic Communications Privacy Act, 18 U.S.C. § 2701 *et. seq* (hereafter, the "ECPA").  This statute, 18 U.S.C. § 2707, provides individuals with a private right of action to address a violation of its provisions.

10.     Venue is proper under 28 U.S.C. § 1391(c)(2) because Plaintiff is incorporated in Connecticut.

## FACTS

11.     Plaintiff represented Herman W. Shure ("Mr. Shure") in a personal injury administrative claim against the VA, wherein Mr. Shure allegedly tripped and fell on the premises of the West Haven VA Medical Center in Connecticut on December 23, 2022.

12.     Plaintiff negotiated a Stipulation For Compromise Settlement And Release Of Federal Torts Claims Act Claims Pursuant to 28 U.S.C. § 2672 (the "Settlement Agreement") with the VA on behalf of Mr. Shure wherein the VA agreed to pay the sum of three hundred thousand dollars and zero cents ($300,000.00) to settle the claim (the "Funds").

13.     On March 8, 2024, the VA emailed Plaintiff the proposed Settlement Agreement and requested that Plaintiff input its bank and wiring information.

14.     Plaintiff handwrote in its bank, Citizens Bank, as well as the routing information and its account number ending in *7378 into the Settlement Agreement.

15.     That same day, Plaintiff asked the VA whether it should send the Settlement Agreement to the VA by mail or email.

16.     The VA responded the same day that email was fine.

17.     On March 19, 2024, the John Doe Defendants transmitted a spoofed email to the VA, purporting to originate from Plaintiff.  The spoofed email stated that Plaintiff had updated its banking information and would be sending new wire instructions soon.

18.     On March 20, 2024, the VA responded to the John Doe Defendants spoofed email asking them for the updated banking information.

19.     Due to the John Doe Defendants' actions, Plaintiff was not aware of any emails transmitted by the VA as the John Doe Defendants' implemented a rule to intercept and divert incoming emails to a folder that would automatically delete them, which left Plaintiff unaware of emails the VA was sending to it.

20.     That same day, the John Doe Defendants transmitted another spoofed email to the VA, purporting to originate from Plaintiff.  The spoofed email told the VA to tell the U.S. Department of Treasury (the "Treasury") to put a hold on processing payment of the Funds because they would be providing updated banking information for a Citibank account shortly.

21.     Several minutes after this second spoofed email was transmitted, the VA responded that they did not have any control over the Treasury but that they would try to prevent the processing of the Funds.  Because the John Doe Defendants were intercepting and diverting emails

sent from the VA to Plaintiff, Plaintiff was unaware of the VA's response to the spoofed email from the John Doe Defendants.

22.     Several hours later, the John Doe Defendants transmitted another spoofed email to the VA, purporting to originate from Plaintiff.  The John Doe Defendants stressed that the VA needed to inform the Treasury to stop processing payment of the Funds, and included updated banking information.

23.     The John Doe Defendants fraudulent banking information changed banks from Citizens Bank to Citibank with an account ending in *2120 (the "John Doe Defendants' Citibank Account").

24.     Plaintiff emailed the VA on March 21, 2024 informing them that Citizens Bank accepted electronic fund transfers and that they should wire the Funds.

25.     The VA transmitted the Funds to the John Doe Defendants' Citibank Account.

26.     After not receiving the funds in its account, Plaintiff contacted the VA about the status of the Funds.

27.     The VA stated that it had sent the Funds to the John Doe Defendants' Citibank Account.

28.     Upon the discovery that the Funds were misdirected, Plaintiff filed a report with the Federal Bureau of Intelligence.

29.     To date, it is unclear whether the Funds remain in the John Doe Defendants' Citibank Account.

30.     As a result of the misdirection of the Funds for which the John Doe Defendants were not entitled, Plaintiff has suffered a loss in excess of $300,000.00.

31.     Upon information and belief, the John Doe Defendants, inclusive, are individuals or entities who engaged in acts or omissions alleged in this complaint, or are otherwise liable for said acts and omissions and the harm, if any, caused by them.  The true names and capacities of the John Doe Defendants, inclusive, are presently unknown to Plaintiff, who therefore sue each of these John Doe Defendants by such fictitious name.  Upon ascertaining the true identity of a John Doe Defendant, Plaintiff will amend this complaint, or seek leave to do so, by inserting the true name in lieu of the fictitious name.

## COUNT I
## CONVERSION

32.     Plaintiff incorporates by reference paragraphs 1 through 31.

33.     The John Doe Defendants are the owners of the John Doe Defendants' Citibank Account.

34.     The John Doe Defendants erroneously received the Funds in the John Doe Defendants' Citibank Account.

35.     The John Doe Defendants, knowing they were not entitled to the Funds, may have withdrawn approximately $300,000.00 from the John Doe Defendants' Citibank Account, in order to avoid any potential clawbacks initiated by Citibank to retrieve the Funds.

36.     The conduct of the John Doe Defendants was the direct, legal, proximate and current cause of the damages suffered by Plaintiff.

## COUNT II
## VIOLATION OF FEDERAL LAW – THE ELECTRONIC COMMUNICATIONS PRIVACY ACT

37.     Plaintiff incorporates by reference paragraphs 1 through 36

38.     The ECPA, 18 U.S.C. § 2701 *et. seq.,* governs the privacy rights of individuals who use electronic communication, including the privacy rights of individuals who use email accounts.

The ECPA protects a person's wire and electronic communications from being intercepted by another private individual.

39.     The ECPA provides individuals with a private right of action to address a violation of the ECPA's provisions, and also the entitlement to seek compensatory, statutory, and punitive damages pursuant to 18 U.S.C. § 2707.

40.     Here, from March 19, 2024 through March 21, 2024, the John Doe Defendants violated the ECPA by intentionally intercepting and diverting emails sent from the VA in order to further a scheme to defraud Plaintiff of the $300,000.00 settlement amount.

41.     The John Doe Defendants violated 18. U.S.C. § 2511(1)(a) by intercepting and diverting Plaintiff's emails, which resulted in $300,000.00 in damages.

42.     As a direct and proximate result of the illegal acts described above, Plaintiff has been damaged in the amount of $300,000.00, and seeks punitive damages for such conduct.

### DEMAND FOR JURY TRIAL

43.     Plaintiff hereby demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby demands judgment as follows:

A.      For Plaintiff's First Cause of Action for Conversion, that Plaintiff have judgment for the sum of three hundred thousand dollars ($300,000.00) plus statutory interest;

B.      For Plaintiff's Second Cause of action for Violation of Federal Law – The Electronic Communication Privacy Act – that Plaintiff have judgment for the sum of three hundred thousand dollars ($300,000.00) plus statutory interest

C.      That Plaintiff have judgment, with costs, disbursements, interest thereon, along with such other and further amounts as the Court deems just and proper.

Dated: July 24, 2024

Respectfully Submitted,

GORDON REES SCULLY
MANSUKHANI, LLP


By: /s/ Christopher R. Drury
    Christopher Drury (ct26972)
    95 Glastonbury Blvd., Suite 206
    Glastonbury, CT 06033
    (860) 494-7511
    cdrury@grsm.com

    *Attorneys for Plaintiff,*
    *Kennedy Johnson Schwab & Roberge, P.C.*